FRED A. PORTER *vs.* CHARLES S. STUART & others.

Suffolk. March 25, 1909. — June 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Mortgage,* Of personal property. *Equity Jurisdiction,* To compel restoration of property obtained by fraud.

Under R. L. c. 198, § 1, a mortgage of personal property, in which the mortgagor describes himself as of Boston, when his residence is in the town of Waltham, if it is recorded only in Boston and is not recorded in Waltham, and the property is not delivered to the mortgagee, is of no effect except between the parties to it, and, if the mortgagor before he made the mortgage obtained the property from its owner by fraud, such owner may maintain a suit in equity to compel its restoration to him without putting the mortgagee in the position in which he was before he took the mortgage.

BILL IN EQUITY, filed on May 24 and amended on June 28, 1907, alleging that the defendants Stuart and Sweatt obtained from the plaintiff by fraud a bill of sale of the furnishings of a lodging house, theretofore kept by the plaintiff at 72 Pinckney Street in Boston, giving in exchange a note of Sweatt and a mortgage of real estate executed by Sweatt, both of which were worthless, that the furniture was worth $1,200, that the same defendants fraudulently obtained from the plaintiff at the same time $65 in cash as the balance of a commission to the defendant Stuart for making the sale, and that afterwards the defendant

Sweatt executed and delivered to the defendant Siefert a pretended mortgage of such personal property for $300; praying that the bill of sale thus obtained by fraud and also the pretended mortgage be declared void and be cancelled.

The case was referred to Frederick H. Chase, Esquire, who found for the plaintiff on all the allegations of the bill. He found that the value of the furniture was $1,200 and that the plaintiff had received no part of that sum. He also found " that in this transaction the defendants Stuart and Sweatt did not act in good faith towards the plaintiff, as each well knew; that Stuart did not act as the plaintiff's agent for his best interests, but for his own advantage; that the defendants Stuart and Sweatt acted together in this transaction in pursuance of a common purpose and with intent to cause the transfer of the lodging house and furniture to the defendant Sweatt without the payment of the purchase price thereof and in order that Sweatt might sell the same immediately or raise money on a mortgage thereon."

Later the case was heard by *Fox*, J., upon a motion to confirm the master's report. A custodian had been appointed as keeper of the property still at 72 Pinckney Street in Boston. The judge made a final decree, " that the master's report be confirmed, that the mortgage to Siefert was not properly recorded, and is invalid as against the plaintiff; and, it further appearing that the plaintiff has deposited a discharge of his mortgage [of real estate executed by Sweatt] with the clerk, the custodian is hereby ordered to pay over to the plaintiff the sum remaining in his hands, namely $226.50; and it is further ordered that judgment be entered in favor of the plaintiff for $973.50 against the defendants Stuart and Sweatt, and that execution issue thereon." The defendant Siefert and the defendant Stuart appealed.

*J. M. Graham*, for the defendant Siefert, submitted a brief.

*C. H. Waterman*, for the plaintiff.

SHELDON, J. The defendant Sweatt has not appealed from the decree entered in the Superior Court, and the defendant Stuart has made no argument and filed no brief in this court, and makes no contention that there is any error in the decree so far as it gives relief against him. And on the master's report it is manifest that the plaintiff was entitled to relief against both

Stuart and Sweatt for the fraud which they combined together to practice upon him.

The only question to be considered is whether the mortgage given by Sweatt to Siefert is good against the plaintiff. Sweatt described himself in the mortgage as of Boston, and the mortgage was recorded in that city. But Sweatt's residence was in Waltham. The mortgage never was recorded on the records of that town; and there is no contention that the property was delivered to and retained by the mortgagee. Accordingly, it was not valid against any one but Sweatt and Siefert themselves, the only parties to the mortgage. This is the express provision of R. L. c. 198, § 1. And as the plaintiff never had made any contract with Siefert or received anything from him, the plaintiff is not bound to restore anything to Siefert or in any way to put Siefert into the same position that he occupied before taking his mortgage from Sweatt. It does not appear whether the plaintiff has or has not returned to Sweatt the note given by the latter to the plaintiff; but this is a matter which concerns only Sweatt, who has not cared to raise the question, perhaps in view of the master's finding of his financial irresponsibility.

There was no plausible ground for this appeal, and the defendants Stuart and Siefert must be charged with double costs upon the appeal. The decree appealed from will be modified accordingly, and so modified will be

*Affirmed.*